Patric A. Lester (SBN 220092)
pl@lesterlaw.com
**Lester & Associates**
5694 Mission Center Road, #385
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777

Scott M. Grace (SBN 236621)
sgrace@lawlh.com
**Luftman, Heck & Associates, LLP**
1958 Sunset Cliffs Blvd.
San Diego, CA 92107
Phone: (619) 346-4612
Fax: (619) 923-3661

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANJIT KHALSA, | ) Case No. **'12CV2802 AJB  JMA** |
|  Plaintiff, | ) COMPLAINT |
| vs. | ) |
| REAL TIME RESOLUTIONS, INC., | ) |
|  Defendant. | ) |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the extension of consumer credit through banking and business transactions is dependent upon the collection of just and owing debts, yet unfair or deceptive collection practices undermine the public confidence essential to the continued functioning

of a sound banking and credit system. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Manjit Khalsa, (hereinafter "Plaintiff") against Real Time Resolutions, Inc. (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act, (hereinafter "FDCPA")[1] the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. (hereinafter "the Rosenthal Act")[2] which prohibit debt collectors from engaging in abusive, deceptive and unfair practices and the Telephone Consumer Protection Act, (hereinafter "TCPA")[3] which prohibits the making of unconsented to phone calls to cell phones.

## JURISDICTION AND VENUE

4. This action arises out of Defendant's violations of the FDCPA, Rosenthal Act and TCPA.

5. Jurisdiction arises pursuant to 28 U.S.C. § 1391, 1337, 15 U.S.C. § 1692(k)(d), and 47 U.S.C. § 277 et seq. and 28 U.S.C. § 1367 for supplemental state claims.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendant for purposes of this action.

## THE PARTIES

8. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff allege on personal knowledge. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. Plaintiff is a natural person residing in Los Angeles County, California.

---

[1] All undesignated section references to §1692 are to the FDCPA
[2] All undesignated section references to §1788 are to the Rosenthal Act
[3] All undesignated section references to 47 U.S.C. §277 are to the TCPA

10. Plaintiff is a "consumer" within the meaning of § 1692a(3) being a natural person purportedly obligated to pay a "debt" or "consumer debt", as defined respectively, in § 1692a(5) and California Civil Code section 1788.2(f) and allegedly owed to Chase (hereinafter "Debt").

11. Plaintiff is a "debtor" as that term is defined by § 1788.2(h).

12. Plaintiff is a "person" as defined by 47 U.S.C. § 153(10).

13. Defendant is a person and/or business entity who uses instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by § 1692a(6).

14. Defendant in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code section 1788.2(b), and is therefore a debt collector as that term is defined in California Civil Code section 1788.2(c).

## FACTUAL ALLEGATIONS

15. At various and multiple times prior to the filing of the instant complaint, including within one (1) year preceding the filing of this complaint, Defendant contacted Plaintiff in attempts to collect the debt as defined by § 1692a (5) of the FDCPA and the consumer debt as defined by California Civil Code section 1788.2(f) of the Rosenthal Act.

### Phone calls

16. Beginning on or about January 23, 2012, and on multiple occasions since that time, Defendant contacted and/or attempted to contact Plaintiff by phone calls.

17. Defendant has constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt with the intent to annoy, abuse and/or harass him.

18. These phone calls were communications within the meaning of § 1692a(2) debt collections as defined in California Civil Code section 1788.2(b)

19. By engaging in the foregoing conduct the natural consequence being harassment and oppression of the Plaintiff in connection with the collection of a debt, Defendant violated § 1692d.

### Collection of Un-owed Debt

20. Defendant misrepresented the character, amount and legal status of the debt.

21. Defendant attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law.

22. Defendant collected or attempted to collect unlawful interest.

23. The representation that the Plaintiff had previously agreed to pay a loan which he was never liable for was untrue. Through this representation, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt.

24. Additionally, there is no applicable statute that gives rise to a right to collect on a debt which the Plaintiff never owed.

25. Defendant cannot point to any contract giving rise to a right to collect a debt from the Plaintiff originally owed to Chase Bank or any other.

26. Defendant fabricated a claim to a collect on a nonexistent loan to Plaintiff.

27. By acting as stated above Defendant committed clear misrepresentations, and violations of. § 1692e, § 1692e2(A), § 1692e(10), § 1692f and § 1692f(1) of the FDCPA.

## **TCPA**

28. Defendant placed these calls to Plaintiff's cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

29. During these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b) (1) (A).

30. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

31. Plaintiff did not provide "express consent" allowing Defendant to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

32. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

33. These telephone calls by Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

34. Defendant's misconduct in placing these telephone calls to Plaintiff's cell phone was

negligent and Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Defendants' misconduct in placing some or all of these telephone calls to Plaintiff's cell phone was willful and knowing and Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff was harmed by the acts of Defendant including but not limited to the following ways:

   (a) Defendant calls to Plaintiff's cellular phone caused Plaintiff to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff previously paid,

   (b) Defendants calls to Plaintiff with the intent to annoy, abuse and/or harass caused stress, anxiety, loss of sleep and resulting overall diminished abilities to carry on activities of daily living.

37. As a result of the above violations of the FDCPA and the Rosenthal Act, Plaintiff suffered and continues to suffer from personal humiliation, embarrassment, mental anguish, anxiety, and emotional distress injury and Defendant is liable for Plaintiff's actual and statutory damages, costs and attorney's fees.

38. Because the above stated conduct violated certain portions of the FDCPA, as these portions are incorporated by reference in California Civil Code section 1788.17, each of the foregoing acts and omissions also violated California Civil Code section 1788.17.

## FIRST CLAIM FOR RELIEF

**(Violations of the FDCPA)**

39. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

40. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of § 1692 *et seq*.

41. As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to

§ 1692k(a)(2)(A); reasonable attorney's fees and costs pursuant to § 1692k(a)(3) from defendant.

## SECOND CLAIM FOR RELIEF

### (Claim for violations of the Rosenthal Act)

42. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

43. Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for violations of Civil Code section 1788.17 because of Defendant violations, as enumerated above, of the FDCPA.

44. Plaintiff is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for Defendant violations, as enumerated above, of the Rosenthal Act.

45. Pursuant to California Civil Code section 1788.32, the remedies provided under California Civil Code sections 1788.30 and 1788.17 are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

46. As a result of each and every violation by Defendant of the Rosenthal Act as previously stated, Plaintiff is entitled to any actual damages under California Civil Code section 1788.30(a), statutory damages of $1000.00 under California Civil Code section 1788.30(b) for discrete violations of the Rosenthal Act and also an additional $1,000.00 statutory damages for violation of California Civil Code section 1788.17, and attorney's fees and costs under California Civil Code section 1788.30(c), from the Defendant.

## THIRD CLAIM FOR RELIEF

### (Negligent Violations of the Telephone Consumer Protection Act)

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

49. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47

1 U.S.C. § 227(b)(3)(B).

2  50. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### FOURTH CLAIM FOR RELIEF

**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act)**

51. Plaintiff incorporates by reference all of the above paragraphs before his Third Count for Relief as though fully stated herein.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

53. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and prays for the following relief:

(1) Assume jurisdiction in this proceeding;

(2) Declare that the Defendant violated the FDCPA;

(3) Declare that the Defendant violated the Rosenthal Act;

(4) Declare that the Defendant violated the TCPA;

(5) Award of actual damages in accordance with proof at trial, pursuant to § 1692k(a)(1) and California Civil Code section 1788.30(a);

(6) Award of statutory damages of $1,000.00 pursuant to § 1692k(a)(2)(A);

(7) Award of statutory damages of $1,000.00 pursuant to California Civil Code section 1788.17[4] ;

(8) Award of the costs of litigation and reasonable attorney's fees, pursuant to § 1692k (a) (3) and California Civil Code section 1788.30(c);

---

[4] § 1692k(a)(2)(A) of the FDCPA

(9) Award of statutory damages of $500.00 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b) (3) (B);

(10) Award of statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

(11) Such other and further relief this court may deem just and proper.

## TRIAL BY JURY

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated November 20, 2012

By **Lester & Associates**
*s/ Patric A. Lester*
Patric A. Lester
Attorney for Plaintiff,
E-mail: pl@lesterlaw.com